UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LEX WHATLEY, JR. ET AL. | CIVIL ACTION |
| V. | NO. 14-2277 |
| EAGLE, INC. ET AL. | SECTION "F" |

<u>ORDER AND REASONS</u>

Before the Court are three motions: (1) the plaintiffs' motion to dismiss the Veteran's Administration Medical Center (VAMC) for lack of subject matter jurisdiction and remand, or, in the alternative, to sever and remand all state law claims; (2) the third-party defendant Plumbers and Steamfitters Local 141's motion to dismiss under Rule 12(b)(6); and (3) the third-party defendant Somdal Associates' unopposed motion to dismiss under Rule 12(b)(6). For the reasons that follow, the plaintiffs' motion to dismiss the VAMC and remand for lack of subject matter jurisdiction is GRANTED. Thus, the Court does not reach Local 141's and Somdal's motions to dismiss.

<u>Background</u>

Lex Whatley, Jr., now deceased, was diagnosed with mesothelioma on November 11, 2010. Five days later, the plaintiffs filed suit in state court against several defendants for state law claims of negligence, strict liability, intentional tort, premise liability, and loss of consortium due to Whatley's exposure to asbestos and asbestos-containing products. Whatley died on

1

December 3, 2010.  His wife and children filed survival and wrongful death actions.  Before removal, the case had been litigated in state court for almost four years and had an expedited trial date of December 1, 2014.

Three months before the scheduled trial date, Bird, Inc. and AT&T Corp., two of the defendants, brought claims against several third-party defendants, including the Veteran's Administration Medical Center, Plumbers and Steamfitters Local 141 (Whatley's union), and Somdal Associates, an architecture firm.[1]  The VAMC, represented by the local United States Attorney's Office, removed this case on October 2 under 28 U.S.C. § 1442(a).  The plaintiffs now move to dismiss the VAMC and remand this case to the Civil District Court for the Parish of Orleans; or, in the alternative, to sever the plaintiffs' demands from the third-party claims against the VAMC and remand the plaintiffs' claims.  Local 141 and Somdal also move to dismiss the third-party claims against them.

### I.  The VAMC and Subject Matter Jurisdiction

*A.*

A claim must be dismissed if it appears that the court does not possess subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1), (h)(3).  The burden of proof on a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction.  See Kokkonen v. Guardian

---

[1] Bird and AT&T are represented by the same counsel and filed identical claims.

2

Life Ins. Co., 511 U.S. 375, 377 (1994). When deciding a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, it is well established that a court is not limited to the allegations in the complaint but may consider material outside of the complaint. The court may base its decision on the complaint alone, the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001).

*B.*

The VAMC removed this case pursuant to 28 U.S.C. § 1442(a) after Bird filed a third-party demand against the VAMC for potential virile share contribution should Bird be cast in judgment, based on Bird's allegation of "premise liability" against the VAMC. The plaintiffs move to dismiss the VAMC for lack of subject matter jurisdiction. The United States joins the plaintiffs' motion. The plaintiffs' motion is essentially unopposed. At no point in their response do Bird and AT&T contend that this Court has jurisdiction over the claims against the VAMC, focusing instead on supplemental jurisdiction. This Court agrees that it lacks subject matter jurisdiction over the claim against the VAMC.

Pursuant to the derivative jurisdiction doctrine, a federal court on removal under § 1442 acquires the jurisdiction that the

state court had.  Lopez v. Sentrillon Corp., 749 F.3d 347, 351 (5th Cir. 2014).  A tort action against the United States or its agencies may only be brought in federal court; the state court does not have jurisdiction over such a claim.  28 U.S.C. § 1346(b)(1).  Thus, on removal, this Court does not have jurisdiction over the claims against the VAMC because the state court never had such jurisdiction.  The claims against the VAMC must be dismissed.

## II. Remand

### A.

Unless "otherwise expressly provided by Act of Congress," a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).  It is well settled that, when faced with a motion to remand, the removing party "bears the burden of establishing that federal jurisdiction exists."  De Aquilar v. Boeing Co., 47 F.3d 1404, 1408 (5th Cir. 1995).  In determining whether jurisdiction exists, the court considers jurisdictional facts as they exist at the time of removal.  Cavallini v. State Farm Mut. Auto Ins. Co., 44 F.3d 256, 264 (5th Cir. 1995).  Additionally, because removal jurisdiction implicates important federalism concerns, the federal removal statute is subject to strict construction.  Willy v. Coastal Corp., 855 F.2d 1160, 1164 (5th Cir. 1988); Frank v. Bear Stearns & Co., 128 F.3d 919, 922 (5th Cir. 1997).  Any ambiguities regarding the propriety of

removal jurisdiction should be resolved in favor of remand and against federal jurisdiction.  <u>See, e.g.</u>, <u>Manguno v. Prudential Property and Cas. Ins. Co.</u>, 276 F.3d 720, 723 (5th Cir. 2002).

*B.*

The VAMC removed this case pursuant to 28 U.S.C. § 1442(a), which allows a United States agency to remove a case brought against it in state court.  As the removing party, the VAMC bears the burden of establishing that federal jurisdiction exists.  The VAMC, however, joins the plaintiffs' motion to dismiss the VAMC and remand.  The only parties arguing for a federal forum are Bird and AT&T in their role as third-party plaintiffs.[2]  No party has persuaded the Court that it has proper removal jurisdiction over this case, and the Court is mindful that such jurisdiction is strictly construed.  <u>Shamrock Oil & Gas Corp. v. Sheets</u>, 313 U.S. 100, 108 (1941).  When jurisdiction is doubtful, remand is

---

[2]Bird and AT&T contend that this Court should not remand, because the claims against the VAMC are not the only federal claims; the claims against Local 141 arguably also arise under federal law.  They make this argument, however, in urging this Court to exercise its supplemental jurisdiction over the entire case should it have found that it had jurisdiction over the claims against the VAMC.  Bird and AT&T do not contend, and this Court does not find, that the potentially federal claims against Local 141 require that this case remain in federal court.  Local 141, unfortunately, offers the Court no guidance on this procedural conundrum, instead inexplicably contending that the federal claims against it should be dismissed because they do not raise an independent state law claim.
   The Court declines to exercise jurisdiction over an entire case because of an off-handed reference to a third-party claim that did not form a basis of removal.

appropriate.

Accordingly, the plaintiffs' motion to dismiss the VAMC and remand is hereby GRANTED. IT IS ORDERED that the VAMC is DISMISSED. IT IS FURTHER ORDERED that this matter is REMANDED to the Civil District Court, Orleans Parish, State of Louisiana, for lack of subject matter jurisdiction.

New Orleans, Louisiana, December 10, 2014

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE